IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTHONY KELLY            *
        Plaintiff
   v.                                    *    Civil Action Case No. AW-10-610

STATE OF MARYLAND, et al.     *
        Defendants
                                           ***

## **REVISED MEMORANDUM**

**I. Background**

This 42 U.S.C. § 1983 civil rights action[1] was received for filing on March 10, 2010, from Anthony Kelly ("Kelly"), a state inmate housed at the North Branch Correctional Institution ("NBCI") in Cumberland, Maryland. When separating the chaff from the wheat, Kelly claims that case management personnel and school staff at NBCI "forced" him to attend school for a 120-day period starting December 1, 2008. Paper No. 1. He alleges that he was threatened with administrative segregation if he did not attend school. Kelly contends under Division of Correction regulations he does not qualify for mandatory educational programming because he is a "lifer" and he should not be forced into the education program. He complains that the action of Defendants deprived him of his "liberty [interests] without due process of law in contravention of the Fourteenth Amendment" and caused him "emotional pain, suffering…mental anguish… and humiliation."

Because he appears indigent, Kelly's Motion for Leave to Proceed *In Forma Pauperis* will be granted. The Complaint, however, shall be summarily dismissed without the need for service, answer, or briefing.

---

[1]     Plaintiff invokes this court's federal question and civil rights jurisdiction under 28 U.S.C. §§ 1331 and 1343.

## II.     Standard of Review

This case is subject to screening under 28 U.S.C. § 1915(e).  Pursuant to § 1915(e)(2)(B) a court shall dismiss claims filed in forma pauperis if they are frivolous, malicious, or fail to state a claim upon which relief may be granted.  A complaint is frivolous where "it lacks and arguable basis either in law or in fact." *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The frivolousness inquiry ensures that federal resources are not wasted on unfounded lawsuits that paying litigants generally do not initiate because of the costs of bringing suit.  *See Nagy v.FMC Butler*, 376 F.3d 252, 255 (4th Cir. 2004).

Kelly seemingly complains that he has a liberty interest in not receiving educational programming and that forcing him to participate violates his rights.  He cannot succeed on this claim unless he can prove that he was deprived of a constitutionally protected property or liberty interest.  The Due Process Clause of the Fourteenth Amendment protects against deprivation of life, liberty, or property and those who seek its procedural protection must demonstrate one of those interests is at stake.  A liberty interest may be created by imposition of an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

In *Sandin*, the Supreme Court ruled that an inmate's placement on disciplinary segregation for thirty days did not present atypical and significant deprivation that implicated a liberty interest. 515 U.S. at 486.  The Court reasoned there was no atypical and significant deprivation because: (1) the inmate's disciplinary segregation, with insignificant exceptions, mirrored conditions imposed in administrative segregation and protective custody; (2) the inmate's segregated "confinement did not exceed similar, but totally discretionary, confinement in either duration or degree of restriction"; and (3) the inmate's segregation did not "inevitably affect the duration of his sentence." *Id*. at 486-

87; *see also Beverati v. Smith*, 120 F. 3d 500, 502-3 (4th Cir. 1997) (noting analysis of inmate conditions giving rise to liberty interest is fact specific).

Kelly cannot show that his forced participation in the education program at NBCI for 120 days subjects him to conditions qualitatively harsher or atypical than the ordinary conditions of prison life. Thus, he has failed to set out a claim under 28 U.S.C. § 1331 or 42 U.S.C. § 1983. Simply put, he cannot show that NCBI educational programming involves restrictive conditions that give rise to a constitutionally protected liberty interest.

**III.  Conclusion**

For the aforementioned reasons, Kelly shall be granted leave to proceed *in forma pauperis*.[2] His Complaint for damages shall, however, be summarily dismissed. Because Kelly's Complaint alleges an infringement of a constitutional right that does not exist and is premised on an "indisputably meritless legal theory," the dismissal is pursuant to 28 U.S.C. § 1915(e).[3]  Kelly is hereby notified that he may be barred from filing future suits *in forma pauperis* if he continues to file federal civil rights actions that are subject to dismissal as frivolous or malicious under § 1915(e) or under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief may be

---

[2]  Kelly has also filed a Motion for Leave to File Emergency Motion for Permission to File a Late Claim.  Paper No. 3.  In light of the reasons for the dismissal of this action, the Motion shall be denied as moot.

[3]  28 U.S.C. § 1915(e)(2) states that:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> (A)  the allegation of poverty is untrue; or
> (B)  the action or appeal--
> (i)  is frivolous or malicious;
> (ii)  fails to state a claim on which relief may be granted; or
> (iii)  seeks monetary relief against a defendant who is immune from such relief.

granted.[4]  This case shall be counted as the first § 1915(e) dismissal charged to Kelly.  A separate Order follows.

| | |
|---|---|
| <u>     March 25, 2010     </u><br>Date | <u>            /s/            </u><br>Alexander Williams, Jr.<br>United States District Judge |

---

[4]   28 U.S.C. § 1915(g) states as follows:

>  In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Under this provision (the relevant portions of which are also known as the "Prison Litigation Reform Act" or "PLRA"), once three such dismissals under § 1915(e) or Rule 12(b)(6) of the Federal Rules of Civil Procedure have been accumulated, a prisoner will be barred from initiating further civil actions *in forma pauperis*, absent extraordinary circumstances.